UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIM. NO. 06-60074-01** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **ERICA JOSEPH ALEXANDER** | * | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION
(Motion to Dismiss Count 1 – Record Doc. 99)

The defendant, Eric Joseph Alexander, has filed a motion to dismiss count one of indictment, the conspiracy count, alleging that this count deprives him of his Sixth Amendment right to trial by jury and his Fifth Amendment right to due process.  [Record Doc. 99]. The government opposes the motion. [Record Doc. 286].  For the following reasons, the undersigned recommends that this motion be **denied**.

**THE INDICTMENT**

Count one of the indictment charges that the defendants, including Alexander, conspired to possess with intent to distribute 5 kilograms or more of a mixture or substance containing cocaine, 50 grams or more of a mixture or substance containing cocaine base (crack) and 1000 kilograms  or more of marijuana, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1).  The indictment mirrors the language found in  both statutes.

**LAW AND ANALYSIS**

The defendant, in large part, makes arguments which deal with sentencing issues, the United States Sentencing Guidelines and whether or not the defendant might be entitled to a jury charge on lesser included offenses. Obviously, none of those issues are properly raised by a motion to dismiss; they are trial issues, or post-trial issues. Accordingly, the undersigned is somewhat hesitant in characterizing the basis of the defendant's motion to dismiss.

However, Alexander's argument *seems* to be that a jury verdict based on count one of this indictment would violate the rules set out by the United States Supreme Court in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000) and *Cunningham v. California*, 127 S.Ct. 856 (2007). The defendant's argument *seems* to be that since the jury must find "any fact other than that of a prior conviction, which increases the penalty for the offense based on proof beyond a reasonable doubt," [Record Doc. 99, page 2] that the specific amount of drugs charged must be set out in the indictment. The undersigned comes to that conclusion based on the last paragraph of the defendant's motion, in which the defendant asks that count one of the indictment be dismissed because "the indictment failed to allege a quantity of each drug." [Record Doc. 99, page 8-9]. Accordingly, the undersigned will treat the defendant's motion as a motion to dismiss count one of the indictment for the failure of that count to allege, with specificity, the amount of each drug that the government contends the defendant

conspired to possess with the intent of distributing.

The defendant cites the court to no authority in support of his argument that the failure of the indictment to allege a specific quantity of each drug that the defendant conspired to possess, requires dismissal. Similarly, the government cites the court to no authority on this issue, simply arguing that the court, after conviction, is entitled to make the determination regarding the amount of drugs involved for sentence enhancement. Simply stated, the government does not address the motion to dismiss at all.

The court's own research has disclosed no support for what the court understands to be the basis of the defendant's motion. In fact, the court's research leads to the conclusion that the motion to dismiss must be denied.

In *United States v. Gordon*, 248 Fed Appx. 521 (5th Cir. 2007), the court said:

> Gordon argues that the guideline enhancements should have been charged in the indictment and decided by a jury. Contrary to his arguments, the district court "is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a guideline sentencing range." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

At page 525.[1]

In *Mares*, the Fifth Circuit said,

> [T]he Sixth Amendment will not impede a sentencing judge from finding

---

[1] The Fifth Circuit in *Gordon* noted that: This case was not selected for publication in the Federal Reporter. However, Rule 32.1, FRAP, provides that, as to opinions issued on or after January 1, 2007, a court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions. Fifth Circuit Rule 47.5.4 provides that while unpublished opinions may be cited pursuant to Rule 32.1, FRAP, such cases are not precedent, except under the doctrine of res judicata, collateral estoppel or law of the case (or similarly to show double jeopardy, notice, sanctionable conduct, entitlement to attorney's fees, or the like). Even if *Gordon* is not binding precedent, the undersigned finds the court's reasoning persuasive and finds its reliance on *Mares* well placed.

> all facts relevant to sentencing. (citation omitted) The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guideline sentence.

At page 519.

It logically follows that if the sentencing judge is entitled to find all the facts relevant to the determination of a guideline sentencing range, and if that finding is made using the legal standard of "preponderance of the evidence", it is not necessary that the indictment on which the defendant is tried state with specificity the precise amount of drugs that the government intends to prove, so long as the minimum amounts which trigger the various sentencing levels are charged, as is the case here.

The precise argument raised by the defendant here was specifically rejected by the First Circuit in *United States v. Nelson-Rodriguez*, 319 F.3d 12 (1st Cir. 2003) *cert. denied*, 123 S.Ct. 2589 (2003). There, the court said

> Defendants argue that the indictment was inadequate in that it made only vague allegations as to the type and quantity of the drugs involved in the conspiracy. It is true that *Apprendi* considers any fact (other than a prior conviction) that increases the penalty for a crime beyond the statutory maximum to be an element of the crime. But the indictment here easily meets this requirement. The superseding indictment charged that the defendants possessed with intent to distribute over 1000 kilograms of cocaine, 5 kilograms of heroin, and 5000 pounds of marijuana. . . . Such detail is more than sufficient to meet *Apprendi's* mandate, and we therefore reject defendants' claim.

At page 44-45.

Based on *Mares*, *Gordon* and *Nelson-Rodriquez*, it is clear that the indictment in this case is constitutionally sufficient. The indictment, which tracks the wording of the

statutes, gives sufficient notice to the defendant of that crime which the Government intends to prove. The indictment also informs the defendant of the maximum possible penalty which he faces. Whether or not the defendant is entitled to receive a lesser included offense charge, the way in which the jury is charged regarding the amount of drugs proven and the form of the verdict which is provided to the jury is a matter for trial. If the defendant is convicted, the guideline range will be determined by the trial court after receiving a Pre-sentence Investigation Report.

The defendant has cited the court to no authority in support of his argument; the court's own research indicates that the defendant's argument should be rejected. Accordingly, for the above reasons, the undersigned recommends that the defendant's motion to dismiss count one of the indictment be **denied**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual**

**findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

      May 12, 2008, Lafayette, Louisiana.

_____<br>
C. MICHAEL HILL<br>
UNITED STATES MAGISTRATE JUDGE