UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIM. NO. 06-60074-01 |
| VERSUS | * | JUDGE DOHERTY |
| ERIC JOSEPH ALEXANDER | * | MAGISTRATE JUDGE HILL |

MEMORANDUM RULING
(Motion to Dismiss the Indictment-Multiplicitous Counts – Record Doc. 101)

The defendant, Eric Joseph Alexander, has filed a motion to dismiss counts one and fifteen of the indictment on the grounds that these counts are multiplicitous, in that they charge a single offense in two counts. The defendant relies on the decision of the United States Supreme Court in *Rutledge v. United States*, 116 S.Ct. 1241 (1996), for the proposition that counts one and fifteen are multiplicitous. The plaintiff cites no authority to the court which would require dismissal of the indictment on multiplicity grounds. In fact, the defendant acknowledges that the normal remedy for multiplicitous counts is to order the government to elect one count, and dismiss the remaining multiplicitous counts.

Here, the defendant argues that the proper remedy is dismissal of the indictment because when the government presented the indictment to the grand jury, the government created the impression with the grand jury that the defendant's conduct constituted more criminal activity than in fact occurred. [ Record Doc. 101, ¶ 7].[1]

---

[1] *United States v. Marquardt*, 786 F.2d 771, 778 (7th Cir.1986), which is cited by the defendant in support of his position that the indictment should be dismissed provides absolutely no support for this position. In fact, the court in *Marquardt* held that no multiplicity existed in that indictment.

The government concedes that the court in *Rutledge* held, under circumstances identical to those in this case, that a drug conspiracy violation pursuant to 21 U.S.C. § 846 was a lesser included offense to a Continuing Criminal Enterprise (CCE) conviction pursuant to 21 U.S.C. § 848, and that therefore its indictment in this case is, in fact, multiplicitous. The government goes on to argue, however, that since the court may not sentence the defendant under both counts one and fifteen, that the defendant can suffer no harm, and therefore both counts should be left in the indictment and sent to the jury. In support of that argument, the government cites cases where the Fifth Circuit vacated the lesser included offense following conviction.[2]

As the government concedes, there is no question but that count one of this indictment is a lesser included offense of count fifteen. That is the clear holding of *Rutledge*. Since count one is a lesser included offense of the crime charged in Count fifteen, both counts charge the same offense.

"Multiplicity" is the charging of a single offense in several counts. The vice of multiplicity is that it may lead to multiple punishments for a single crime, an obvious double jeopardy violation. There is also concern that a " prolix pleading may have some psychological effect upon a jury by suggesting to it that defendant has committed not one but several crimes." Wright & Miller, 1A Federal Practice and Procedure, § 142.

---

[2] *United States v. Fields*, 72 F.3d 1200, 1209 – 1210 (5th Cir. 1976); *United States v. Wilson*, 116 F.3d 1066, 1086 (5th Cir.1997) and *United States v. Tolliver*, 601F.3d 1189, 1223 (5th Cir. 1995).

Since counts one and fifteen are admittedly multiplicitous, the only question that remains is what remedy, if any, should be imposed. The defendant argues that the entire indictment should be dismissed. The defendant has no real support for that position for the very good reason that the courts have uniformly held that dismissal is not required. See *Rutledge*, and *United States v. Buchanan* 485 F.3d 274, 278-279 (5th Cir. 2007).

The government, on the other hand, takes the position that although its pleading is admittedly multiplicitous, the court should impose no remedy.  Professor Wright takes the position that the question of whether or not to order election of counts by the government is left solely to the discretion of the trial court.  Professor Wright concedes that the Advisory Committee Notes to Rule 7, Fed. R. Crim. P., discourage multiplicitous pleadings.

When faced with convictions and sentences under a multiplicitous indictment, the Fifth Circuit rule requires remand to the trial court for resentencing on the multiplicitous count, after the government has dismissed one of the convictions. *United States v. Neal*, 27 F.3d 1035, 1054 (5th Cir. 1994) and *Buchanan*.   If the Fifth Circuit is concerned, as it indicated it was in *Neal*, whether the conspiracy conviction ( the multiplicitous count) could lead to a harsher sentence on the CCE count, it seems axiomatic that this Court should be concerned about lay jurors being unduly prejudiced against the defendant by believing that a single course of conduct constituted not one, but two, criminal offenses. This concern has been recognized by the Fifth Circuit.   *United States v. Smith*, 591 F.2d

1105, 1108 (5th Cir. 1979) ( "The principal danger of a multiplicitous indictment is that the defendant may receive multiple sentences for the same offense. We also recognize that a second danger arises; namely, an adverse psychological effect on the jury may result from the suggestion that several crimes have been committed.")

Where an indictment is found to be multiplicitous, the trial court may order the government to elect on which of the multiplicitous counts it intends to procede. *United States v. Johnson*, 91 F.3 695, n.1 (5th Cir. 1996) and Wright and Miller, *supra*.

Since counts one and fifteen are multiplicitous, the government may elect to proceed on either one, but not both, of these counts against the defendant Alexander at trial. Accordingly;

**IT IS ORDERED** that the government shall notify the court and the defendant within 15 days of this order whether it intends to proceed against the defendant, Eric Joseph Alexander, on count one or count fifteen of the indictment.

May 12, 2008, Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE