# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIM. NO. 06-60074-01** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **ERIC JOSEPH ALEXANDER** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION
### (Motion to Dismiss Indictment – Duplicitous Count – Record Doc. 102)

The defendant, Eric Joseph Alexander, has filed a motion to dismiss count one of

the indictment on the grounds that this count is duplicitous. [Record document 102].  The

government opposes the motion. [Record document 110].  For those reasons set out

below, it is recommended that the defendant's motion be **denied**.[1]

## THE INDICTMENT

The defendant argues that count one of the indictment is duplicitous "because it

charges three separate offenses in one count." [Record document 102, ¶ 1].  The

superseding indictment charges that the defendant, Eric Joseph Alexander, along with his

co-defendants and other unindicted co-conspirators, conspired to possess with intent to

distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base (crack) and

---

[1]After the defendant's Motion to Dismiss was filed, the government returned a superseding indictment [Record document 235].  Some changes were made in count one of the indictment, but none of the changes made affect the basis for the defendant's motion.  Specifically, the charging language in count one of the original indictment and superseding indictment are the same.  Both charge a conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base (crack) and more than 1000 kilograms of marijuana.  Therefore, the defendant's argument that count one of the indictment is duplicitous applies equally to the superseding indictment.

1000 kilograms or more of marijuana.

## LAW AND ANALYSIS

It is the defendant's position that count one of the superseding indictment is duplicitous because it charges three separate offenses in one count.  In effect, the defendant argues that three different conspiracies are charged in this count. [Record document 102, ¶ ¶ 1 and 2].  The government counters by arguing that count one is not duplicitous but simply alleges multiple ways to commit a single offense. [Record document 110, page 3].  The government argues that this type of pleading is permissible pursuant to Rule 7, Fed. R. Crim. P., which allows the Government to allege, in one count, multiple ways to commit a single offense.

The government further relies on the Supreme Court decision of *Braverman v. United States*, 63 S.Ct. 99 (1942). The government argues that *Braverman* holds that the allegation in a single count of a conspiracy to commit several crimes is not duplicitous, because "the conspiracy is the crime, and that is one, however diverse its objects." [Record document 110, page 4].  The defendant makes no attempt to distinguish *Braverman*.

An indictment is duplicitous when two or more separate offenses are charged in a single count. *United States v. Paine*, 341 F.3d 393, 402 n.3 (5th Cir. 2003).  The Supreme Court, in *Braverman*, specifically addressed, and dismissed, the argument made by the

defendant here.  Specifically, the Court said as follows:

> The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for 'The conspiracy is the crime, and that is one, however diverse its objects'. (citations omitted)  A conspiracy is not the commission of the crime which it contemplates, and neither violates nor 'arises under' the statute whose violation is its object. (citations omitted) Since the single continuing agreement, which is the conspiracy here, thus embraces its criminal objects, it differs from successive acts which violate a single penal statute and from a single act which violates two statutes. (citations omitted) The single agreement is the prohibited conspiracy, and however diverse its objects it violates but a single statute ....  For such a violation only the single penalty prescribed by the statute can be imposed.

At page 102.

*Braverman* remains the law.  This has been recognized by the Fifth Circuit numerous times.  See *United States v. Boyle*, 96 F.3d 1444, 1996 WL 512091, * 3 (5th Cir.1996) ( "[t]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for '[t]he conspiracy is the crime, and that is one, however diverse its objects.' "(citation omitted)), *United States v. Cooper*, 966 F.2d 936 (5th Cir. 1992) (same), *United States v. Lyons*, 703 F.2d 815, 821 (5th Cir. 1983) (the allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for 'The conspiracy is the crime, and that is one, however diverse its objects.' "(citation omitted)).

Clearly, count one of the indictment is not duplicitous.  Count one charges a single conspiracy with multiple objectives.  Since, however, the conspiracy is the offense, it is

but one crime without regard to its multiple objects.[2]

The defendant also argues that because the indictment does not require the jury to consider the conspiracy regarding each drug separately, the jury is allowed to convict with less than a unanimous verdict because the jurors might agree on a general verdict, but disagree on which drugs the defendant allegedly conspired to possess with intent to distribute. In other words, the argument goes, some jurors might believe the conspiracy went only to the marijuana, while others might have believed it went only to the cocaine. [Record document 102, ¶ 4].  That argument was rejected in *Boyle* where the court said:

> We also reject the defendants' closely related argument that they were denied their Sixth Amendment right to a unanimous verdict because the indictment included multiple alleged conspiracy offenses in a single count. It is settled law in this circuit that "[t]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for '[t]he conspiracy is the crime, and that is one, however diverse its objects.' "(citation omitted)

1996 WL 512091, * 3

Finally, the defendant argues that by allowing the government to proceed under count one as it presently reads, the defendant may be subjected to a harsher sentence under the sentencing guidelines because the court will not know which object of the conspiracy the jurors agreed on.  This is not an issue which is properly raised at this stage of the proceedings.  Rather, this issue will be determined by the court when the verdict form is devised and the jury charge is made.  Certainly, if only a general verdict of

---

[2] If, at trial, the government's proof shows multiple conspiracies rather than a single conspiracy with multiple objectives, the defendant is entitled to request a jury charge on that issue.

"guilty" is returned on count one, without specifying which of the objects of the conspiracy the jury agreed on, problems could arise at the time of sentencing.  If only a general verdict form is used, it might well be that the sentence could not exceed the lowest of the potentially applicable maximum sentences. See *United States v. Conley*, 349 F.3d 837, 840 (5th Cir. 2003) and *United States v. Arnold*, 416 F.3d 349, 357 (5th Cir. 2005). In any event, that is in issue to be addressed at trial, or at the time of sentencing, if necessary.  It is not an issue which can decided on a motion to dismiss the indictment.

Count one is not duplicitous.  Count one charges a single crime (conspiracy) with multiple objectives. *Braverman* remains the law. The undersigned therefore recommends that the defendant's motion to dismiss count one on duplicity grounds be **denied**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon**

grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79

**F.3d 1415 (5th Cir. 1996).**

May 13, 2008, Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE