# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIM. NO. 06-60074-01** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **ERIC JOSEPH ALEXANDER** | * | **MAGISTRATE JUDGE HILL** |

## RULING ON MOTION TO SEVER

The defendant, Eric Joseph Alexander (Alexander), has filed a motion to sever counts 11 and 12 from the indictment. [Record Doc. 100]. The government opposed the motion. [Record Doc. 111]. By a prior ruling, the court has severed count 12 of the superseding indictment. [Record Doc. 348].[1] Therefore, the only issue remaining is the defendant's motion to sever count 11.

## THE INDICTMENT[2]

The indictment charges the defendant, Eric Joseph Alexander, with multiple crimes including conspiracy to possess with the intent to distribute various drugs, possession with intent to distribute marijuana, cocaine and cocaine base (crack), unlawful use of a communication facility, carrying a firearm during, and in relation to, a drug

---

[1] The court granted the government's motion to dismiss count 12 of the original indictment without prejudice. [Record Doc. 149]. Thereafter, the government returned a superseding indictment herein. [Record Doc. 235]. The superseding indictment, due to a clerical error, re-instituted count 12. Accordingly, the government notified the court that the government had no opposition to severing count 12 of the superseding indictment for a separate trial.

[2] All references to the "indictment" herein, unless specifically noted to the contrary, refer to the superseding indictment returned November 14, 2007. [Record Doc. 235].

trafficking crime, money laundering, engaging in a continuing criminal enterprise (CCE), engaging in monetary transactions in property derived from unlawful activity, and forfeiture of various assets allegedly belonging to, or in the control of, Alexander.

Count one of the indictment alleges that Alexander, along with others, engaged in a far-reaching drug conspiracy from early January 2002 to October 2006, to possess with intent to distribute cocaine, cocaine base (crack) and marijuana.  As is often the case with these conspiracy indictments, the government sets out, in count one, the object of the conspiracy, the ways and means of accomplishing the conspiracy, and various overt acts done in furtherance of the conspiracy.  The indictment alleges that this conspiracy violates the provisions of 21 U.S.C. § § 846 and 841(b)(1)(A).

Count 11 of the indictment charges that Alexander carried a firearm (a 9 millimeter semiautomatic pistol) during, and in relation to, a drug trafficking crime, that is, the conspiracy alleged in count one.  The indictment alleges that act is violative of 18 U.S.C. § 924(c)(1).

**THE MOTION TO SEVER**

The defendant argues that the incident which gives rise to count 11 occurred on June 16, 2005.  At that time, the defendant argues that the police searched a vehicle owned by the defendant, Alexander, and found "a gun but no drugs". [Record Doc. 100, ¶ 2].  The defendant goes on to argue that the offense of carrying a firearm during, and in relation to, a drug trafficking crime "presupposes that drugs are involved and the

defendant, on the date alleged, was trafficking in drugs". Counsel for the defendant further states that he expects the government to concede that, at the time of the search, Alexander was not in possession of drugs and was not engaged in drug trafficking. [Record Doc. 100, ¶ 5].

The government responds that on the date alleged in the indictment, a search of Alexander's vehicle disclosed a "secret compartment" containing $1000 in cash and a .40 caliber pistol.[3]  The Government goes on to argue that on that same date, and prior to the search, federal agents intercepted a series of telephone conversations in which Alexander "organized a trip to Houston by a co-defendant to pick up a large quantity of controlled substances". [Record Doc. 111, page 1].

There is no indication in the government's response that drugs were found in the defendant's vehicle at the time of the search.  The government argues, notwithstanding the defendant's assertion to the contrary, that the discovery of the pistol in a secret compartment along with $1000 in cash inferentially indicates that the purpose of the gun was to protect drug proceeds, and "is clearly part of the conspiracy charged in Count One." [Record Doc. 111, page 3].

Thus, apparently, the government would concede that no drugs were found in the vehicle at the time the search disclosed the secret compartment and the gun, but the government nevertheless argues that the gun was used in furtherance of, or in relation to,

---

[3]The indictment alleges that the gun was a 9 millimeter pistol. The undersigned presumes that the government is referring to the same gun as that set out in the indictment.

a drug trafficking crime.[4]

**LAW AND ANALYSIS**

Rule 8(a) of the Federal Rules of Criminal Procedure permits the joinder of two or more offenses in the same indictment, as follows:

> (a) Joinder of Offenses.  Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offense charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two more acts or transactions connected together or constituting parts of a common scheme or plan.

Because Rule 8(a) is concerned with the propriety of joining offenses in the indictment, the Court should not look beyond the allegations in the indictment to determine whether the joinder is proper. *See United States v. Lane*, 474 U.S. 438, 447, 106 S.Ct. 725, 731, 88 L.Ed.2d 814 (1986); *United States v. Kaufman*, 858 F.2d 994, 1003 (5th Cir.1988). The Fifth Circuit's view is that "Rule 8 is to be broadly construed in favor of initial joinder." *United States v. Winn*, 948 F.2d 145, 161 (5th Cir. 1991), *cert. denied*, 503 U.S. 976, 112 S.Ct. 1599, 118 L.Ed.2d 313 (1992) *citing United States v. Davis*, 752 F.2d 963, 971 (5th Cir.1985).  "Joinder of charges is the rule rather than the exception ...." *United States v. Singh*, 261 F.3d 530, 533 (5th Cir.2001).  When offenses are joined as having the " 'same or similar character,' the offenses need only be similar in category, not in evidence." *United States v. Hersh*, 297 F.3d 1233, 1242 (11th Cir.2002)

---

[4]There is, of course, no statutory requirement that the firearm be in any physical proximity to illegal drugs. All that is required is that the firearm be used "in furtherance of or in relation to" a drug trafficking crime.  18 U.S.C. § 924(c)(1).

*citing United States v. Coleman*, 22 F.3d 126, 133 (7th Cir.1994).  "[R]equiring too precise an identity between the character of the offenses would fail to give effect to the word 'similar' succeeding the word 'same' and thus violate an elementary rule of statutory construction." *Id.* at fn. 11 *quoting United States v. Werner*, 620 F.2d 922, 926 (2d Cir.1980) (internal quotations omitted).  Thus, the crimes need not be identical, but rather, only "somewhat alike", "resembling in many respects" or "having a general likeness."  *Id.* (citations omitted);  *United States v. Melendez*, 301 F.3d 27, 35 (1st Cir. 2002) (noting that "similar" does not mean "identical").

Moreover, the Fifth Circuit has noted that the transaction requirement of Rule 8(a) is flexible and "[i]t may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *United States v. Park*, 531 F.2d 754, 760-61 (5th Cir.1976).  The Fifth Circuit has found that crimes are of the same or similar character when counts charge violations of the same criminal statute, and further, that under such circumstances, a logical relationship between the counts exists. *United States v. Duarte,* 52 F.3d 1067 (5th Cir. 1995) (unpublished). *See also United States v. Dillon*, 2006 WL950104 (E.D.La. 2006) (finding counts properly joined because the alleged rapes involved the same statute and similar conduct, the sexual assault of women under the color of law).

Notwithstanding proper joinder under Rule 8, severance of counts charged in the same indictment may be ordered if the joinder is prejudicial. Rule 14, Fed.R. Crim. P; see

also*, United States v. Krenning*, 93 F.3d 1257, 1267 (5th Cir. 1996) ("Relief from prejudicial joinder may be had under Rule 14 if the defendant can demonstrate "specific and compelling prejudice.") *citing United States v. McCord*, 33 F.3d 1434, 1452 (5th Cir.1994), *cert. denied*, 515 U.S. 1132, 115 S.Ct. 2558, 132 L.Ed.2d 812 (1995).

Rule 14 of the Federal Rules of Criminal Procedure provides:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.  In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

The existence of prejudice depends on the facts and circumstances of each case; the burden of demonstrating prejudice is a difficult one.  *Park*, 531 F.2d at 762.  The Supreme Court has noted that, "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."  *Zafiro v. United States*, 506 U.S. 534, 538-39, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993).

The Fifth Circuit has specifically rejected the assertion that being tried on multiple counts is sufficient prejudice, in and of itself, to require separate trials, instead finding that in such situations "any possible prejudice can be cured by proper jury instructions administered by the district court." *United States v. Butler*, 429 F.3d 140, 147 (5th Cir.

-6-

2005) *citing United States v. Bullock*, 71 F.3d 171, 175 (5th Cir. 1995).  This is the case

because juries are presumed to follow the instructions they are given.  *Bullock*, 71 F.3d at

175 *citing Zafiro*, 506 U.S. at 540.

The defendant relies on *United States v. Singh*, in support of his argument for

severance.  In *Singh*, the defendant was charged with harboring illegal aliens and being a

felon in possession of a firearm. The Fifth Circuit said that because there was no evidence

that Singh's alleged possession of the gun had any connection to his housing and hiring of

illegal aliens, the gun count was unrelated to the harboring count. Thus, initial joinder

was not appropriate. *Id*. at 533.

The defendant's reliance on *Singh* is clearly misplaced.  Even if, as the defendant

asserts, no illegal drugs were found at the time of the search, that does not mean that the

gun, which was admittedly hidden in the defendant's vehicle, could not have been used in

furtherance of a drug trafficking crime.

In addition to the conspiracy charged in count one, the indictment charges the

defendant, in count 14 (the CCE count), with occupying "a position of organizer, a

supervisory position, and a position of management, and from which the defendant . . .

obtained substantial income and resources.  Clearly, the government alleges that

Alexander was the principal organizer of this rather large drug organization.  The

indictment further alleges that this organization operated for over four and one half years.

-7-

As the government points out, many cases recognize that guns and similar items are "tools of the trade" of drug trafficking. *United States v. Martinez* 808 F.2d 1050, 1057 (5th Cir.1987) ("This Court has recognized that firearms are "tools of the trade" of those engaged in illegal drug activities and are highly probative in proving criminal intent.")

It is also well known, and generally accepted, that the illegal drug trade is a "cash business". Therefore, the jury could well conclude that the possession of a pistol in close proximity to a large amount of cash, both of which were concealed in a hidden compartment, was in furtherance of the drug conspiracy set out in the indictment. This is not a case, like *Singh*, where the weapon has little or no relation to the other charges in the indictment; quite the contrary is true. Here, the firearm is, at least arguably, closely connected to the drug conspiracy charged in count one.

Under these circumstances, it is clear that count 11, which charges that the defendant carried a firearm in relation to a drug trafficking crime, that is, the conspiracy charged in count one of the indictment, is properly joined in this indictment. The indictment alleges that Alexander operated a large-scale illegal drug business. As a part of that business the government alleges that he engaged in money-laundering and illegal monetary transactions. It is certainly reasonable for the government to argue, as it does here, that the purpose of the gun was to protect drug proceeds. At the very least, the jury could well find that the gun was intended for the defendant's personal protection while he

was engaged in his illegal drug business.

Clearly, the possession of a firearm for personal protection by the organizer of a large-scale illegal drug operation, or the use of a gun to protect drug proceeds, is, at the very least, a part of the common scheme or plan carried out by the defendant in furtherance of this drug conspiracy.  Stated another way, count 11 is logically related to the other counts in the indictment. *Park*, supra. Joinder of count 11 in this indictment is therefore proper under Rule 8.[5]

May 17, 2008, Lafayette, Louisiana.

*C. Michael Hill*

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

[5]The defendant does not argue that Rule 14, Fed. R. Crim. P., requires severance. Any such argument would clearly be unavailing.  While there is no doubt that the evidence that the defendant had a pistol in his truck damages his case, there is also no real doubt of its admissibility. If the gun is admissible at trial, which the undersigned believes it to be, there is no Rule 14 violation in the count charging the possession of the gun being joined with the other counts in this indictment.