UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIM. NO. 06-60074-01 |
| VERSUS | * | JUDGE DOHERTY |
| ERIC JOSEPH ALEXANDER | * | MAGISTRATE JUDGE HILL |

RULING ON MOTION TO STRIKE SURPLUSAGE

The defendant, Eric Joseph Alexander (Alexander), has filed a motion to strike surplusage from the indictment. [Record Doc. 105]. The government has opposed the defendant's motion. [Record Doc. 112]. For those reasons set out below, the defendant's motion is **denied**.

**THE INDICTMENT**[1]

The indictment charges the defendant, Eric Joseph Alexander, with multiple crimes including conspiracy to possess with the intent to distribute various drugs, possession with intent to distribute marijuana, cocaine and cocaine base (crack), unlawful use of a communication facility, carrying a firearm during, and in relation to, a drug trafficking crime, money laundering, engaging in a continuing criminal enterprise (CCE), engaging in monetary transactions in property derived from unlawful activity, and forfeiture of various assets allegedly belonging to, or in the control of, Alexander.

---

[1] All references to the "indictment" herein, unless specifically noted to the contrary, refer to the superseding indictment returned November 14, 2007. [Record Doc. 235].

Count one of the indictment (the conspiracy count) alleges that Alexander, along with others, engaged in a far-reaching drug conspiracy, from early January 2002 to October 2006, to possess with intent to distribute cocaine, cocaine base (crack) and marijuana. As is often the case with these types of conspiracy indictments, the government sets out, in count one, the object of the conspiracy, the ways and means of accomplishing the conspiracy and various overt acts done in furtherance of the conspiracy. The indictment alleges that this conspiracy violates the provisions of 21 U.S.C. § § 846 and 841(b)(1)(A).

**THE MOTION TO STRIKE**

The defendant moves the court to strike, pursuant Rule 7(d), Fed. R. Crim. P., the language in the conspiracy count under the headings "Object of the Conspiracy", "Ways and Means of Accomplishing the Conspiracy" and "Overt Acts", on the grounds that this language is "not essential to the charge and is highly prejudicial." [Record Doc. 105, page 1].

The defendant notes that Rule 7(c)(1), Fed. R. Crim. P., requires that the indictment be a "plain, concise, and a definite written statement of the essential facts constituting the offense charged . . . ." The defendant argues that the language appearing under the three headings of the indictment set out above are not "essential facts constituting the offense charged", and therefore should be stricken.

The defendant particularly complains of language appearing in the conspiracy count concerning an "illegal scheme", language charging that the defendant "smuggled, transported, and distributed" cocaine, and language that charges that "various handguns were procured by the defendants so that members of the drug conspiracy could protect themselves, their illicit merchandise, and the proceeds of the drug sales . . . ." [Record Doc. 105, pages 2-3]. Finally, the defendant moves to strike all of the overt acts because, under the drug conspiracy statute (21 U.S.C. § 846), no proof of an overt act in furtherance of the conspiracy is necessary in order to convict the defendant.

Essentially, the defendant argues that the government is not required to prove any of the factual allegations made in these parts of count one, and that if the government fails to prove any of these allegations, the jury will nevertheless have heard the allegations, to the defendant's prejudice. In that regard, the defendant argues that the government "gets to make the allegations but is not required to prove them." [Record Doc. 105, page 6].

In opposition, the government argues that before surplusage can be stricken from the indictment, the language must be "irrelevant, inflammatory, and prejudicial". The government relies on the Fifth Circuit opinion in *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993) which, in turn, relied on *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971). The government further argues that where information in the indictment is relevant to the offense charged, the court should not strike it no matter how prejudicial it may be. Finally, the government argues that the mere fact that the indictment contains

language in addition to the elements of the offense charged, does not require that the additional language be stricken. In support of its arguments, the government relies on *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990) and *United States v. Edwards*, 72 F. Supp.2d 664, 667 (M.D., La. 1999).

**LAW AND ANALYSIS**

In *United States v. Prejean*, 429 F. Supp.2d 782 (E.D. La., 2006) Judge Fallon recently summarized the law in this area in the following terms:

> Generally, allegations in an indictment that are unnecessary to prove the crime charged are surplusage. *United States v. Miller,* 471 U.S. 130, 136-37, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985). A district court retains discretion to strike surplusage from an indictment upon motion of the defendant under Rule 7(d) of the Federal Rules of Criminal Procedure. However, the striking of surplusage is not required: "surplusage in an indictment may generally be disregarded where the charge is not materially broadened and the accused is not misled." *United States v. Trice,* 823 F.2d 80, 89 n. 8 (5th Cir.1987) (citations omitted). The level of proof required to strike surplusage from an indictment is "exacting." *United States v. Bullock,* 451 F.2d 884, 888 (5th Cir.1971).
>
> A district court may strike language as surplusage on the ground that such material is unduly prejudicial if the language "serve[s] only to inflame the jury, confuse[s] the issues, and blur[s] the elements necessary for conviction[.]" *Id.* Moreover, a court may strike as surplusage any "[i]ndirect expressions, implied allegations, argumentative statements, and uncertainty due to generalizations in language[.]" *United States v. Williams,* 203 F.2d 572, 574 (5th Cir.1953).

At page 796.

Furthermore, surplusage should only be stricken from the indictment if it is "irrelevant, inflammatory and prejudicial." *Bullock*, supra.  While the court may strike language that is irrelevant, inflammatory and prejudicial, the converse is also true, that is, if the allegation is admissible and relevant to the charge, then regardless of how prejudicial, the court should not strike the language. *Edwards*, 702 F. Supp.2d at 667. The mere fact that information in an indictment does not constitute an element of the charged offense does not require that it be stricken. *Id.*[2]

Language in an indictment which is relevant to the identity of the defendant charged or is relevant to prove motive should not be stricken as surplusage. *Graves*, 5 F.3d at 1550.  Language in the indictment that is relevant to the offense charged and describes how the defendant was to accomplish the conspiracy, should not be stricken as surplusage. *United States v. Palazzo*, 2007 WL 3124697, 10 (E.D. La., 2007).

While the defendant is correct that Rule 7(c)(1) requires that the indictment contain the essential facts constituting the offense, that does *not* mean that all other language should be stricken from the indictment.  Even if the language which the defendant complains of here is characterized as surplusage, it is only that surplusage which is "irrelevant, inflammatory, and prejudicial" which must be stricken.  The above cases make it clear that this test should be read in the conjunctive; language which is

---

[2] This language was cited approvingly by the Fifth Circuit in *United States v. Solomon*, 2001 WL 1131955, 1 (5th Cir. 2001) (unpublished).

inflammatory and prejudicial, but which is nevertheless relevant and admissible, should not be stricken. *Graves, Palazzo* and *Edwards*.

The language in this indictment which the defendant seeks to strike is not "irrelevant, inflammatory and prejudicial." It is certainly true that much of this language is prejudicial; since the defendant is accused of involvement in a large scale and a long-continuing drug conspiracy, it is to be expected that the charging language would be prejudicial. Prejudice alone is not the test, however. It is clear that the language which the defendant seeks to strike sets out for the jury the way in which the government contends that this conspiracy was to operate and what goals the conspiracy sought to accomplish. The listed overt acts, while not required to be proved for a conviction under § 846, nevertheless set out factual allegations regarding the way in which the conspiracy actually worked. Clearly, the government is entitled to prove, if it can, each and every one of these overt acts. Similarly, the government is entitled to prove what it believes to be the objectives of the conspiracy, and the ways in which the individual defendants attempted to accomplish the objectives of the conspiracy. What this indictment does is to inform the defendants of what the government intends to prove.

In short, each of these allegations is relevant to the conspiracy charge. Since the subject language is relevant, it should not be stricken (no matter how prejudicial) so long as the language does not materially broaden the charged offenses, does not mislead the defendant and does not confuse the issues or blur the elements necessary to convict. The

language complained of here by the defendant, Alexander, does not cross that line.

It is certainly true that some of the language found in count one is conclusory, but not unreasonably so. It is also certainly true that some of the language found in count one is inflammatory; large-scale drug conspiracies can, and do, have inflammatory facts and engender inflammatory argument. So long as those facts are relevant and the argument is within the scope of the evidence, the language need not be stricken.

The defendant complains that some of the evidence referred to in the indictment may not be admissible at trial. If so, the problem can be avoided by simply summarizing the indictment for the jury (rather than reading the entire indictment to the jury) at the beginning of the trial. In that way, if evidence referred to in the indictment is held not to be admissible, those portions of the indictment relating to that evidence can be stricken on a timely motion by the defendant prior to the time that the indictment is sent to the jury for use in its deliberations.[3]

---

[3] The best argument made by the defendant is the argument made to strike the language in those sections of the conspiracy count referring to smuggling and the procurement of handguns by members of the conspiracy. The indictment does not charge the defendants with smuggling. This language does seem to broaden the charges in the indictment. However, this evidence may well be admissible under Rule 404(b), Federal Rules of Evidence. If so, this language should not be stricken.

Additionally, the indictment charges the defendant Alexander with carrying a firearm in relation to a drug trafficking crime (count 11), and also charges the defendant Delago with that offense (count 13). Clearly the evidence relating to those two counts is admissible. If the government offers proof that other defendants also used firearms in furtherance of this conspiracy, so long as that evidence is admissible under Rule 404(b), the language should not be stricken.

For the above reasons, the motion to strike surplusage filed by the defendant, Eric Joseph Alexander, is **denied.**

May 18, 2008, Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE