RECEIVED
OCT 3 1 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 06-60074-01 |
| VERSUS | JUDGE DOHERTY |
| ERIC JOSEPH ALEXANDER | MAGISTRATE JUDGE HILL |

## RULING

Currently pending before the Court is an "Appeal of Magistrate Judge's Order Requiring Pre-Trial Election of Multiplicitous Counts" filed by the government. [Rec. Doc. 402] In the appeal, the government requests this Court "reconsider the May 12, 2008 ruling of Magistrate Judge Hill requiring the United States to elect prior to trial whether it will try Eric Alexander on Count 1 or Count 14 of the pending Superceding Indictment . . . ." [Id., p. 1] This Court will review the Magistrate Judge's Ruling *de novo*.[1]

Count 1 of the present indictment charges defendant, Eric Alexander, as well as ten co-defendants, with a conspiracy to possess with intent to distribute: five kilograms or more of cocaine, fifty grams or more of cocaine base or "crack," and one thousand kilograms or more of marihuana, all of which are violations of 21 U.S.C. § 846. Count 14 charges Eric Alexander alone with

---

[1] Although the Magistrate Judge issued a "Memorandum Ruling" on defendant's motion, it appears the motion should have addressed by way of a Report and Recommendation. *See* 28 U.S.C. 636(b)(1)(A)("a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss or quash an indictment. . . .; *accord* FED.R.CRIM.P. 59(b). Those pre-trial matters which can be disposed of by the Magistrate Judge pursuant to a Ruling and Order are reviewed by the district court under the "clearly erroneous or contrary to law" standard of review. 28 U.S.C. 636(A). However, matters which must be addressed by way of a Report and Recommendation are reviewed *de novo*. Id. at § (C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Accordingly, this Court will review the portions of the ruling to which the government objects *de novo*.

engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848.[2] Counsel for

---

[2]More specifically, Count 1 alleges in pertinent part:

> Beginning on or about the 1st day of January 2002, until on or about the 1st day of October 2006, in the Western District of Louisiana and elsewhere, the defendants . . . did knowingly and intentionally combine, conspire, confederate and agree together . . . to . . . possess with intent to distribute five (5) kilograms or more of . . . cocaine and fifty (50) grams or more of . . . cocaine base or "Crack," . . . and one thousand (1000) kilograms or more of marihuana, . . . in violation of Title 21, United States Code, Section 841(a)(1).
>
> It was the object of the conspiracy that [defendants] . . . would . . . participate in an illegal scheme for profit involving the procurement, smuggling, and transportation of quantities of cocaine and marihuana from Mexico into the United States. . . .
>
> . . . .
>
> In furtherance of this conspiracy . . ., one or more of the conspirators committed and caused to be committed the following [18]overt acts as well as the offenses alleged in Counts Two through Fourteen of this indictment, which are incorporated herein by reference as overt acts. . . .

Count 14 charges, in pertinent part:

> [O]n or about the 1st day of January 2002, until on or about the 1st day of October 2006, . . . the defendant, ERIC JOSEPH ALEXANDER, . . . did engage in a continuing criminal enterprise . . . as alleged in but not limited to Counts One through Fourteen which are incorporated herein by reference and which violations were part of a continuing series of violations undertaken by the defendant, ERIC JOSEPH ALEXANDER, in concert with at least five other persons with respect to whom the defendant, ERIC JOSEPH ALEXANDER, occupied a position of organizer, a supervisory position, and a position of management, and from which the defendant, ERIC JOSEPH ALEXANDER, obtained substantial income and resources and involved more than a kilogram and a half of cocaine base. . . ."

Thus, both the conspiracy and CCE offenses are of the same or similar character, both are primarily based upon the same acts or transactions constituting parts of a common scheme or plan, and the conduct alleged in both counts occurred during the same time period. The primary difference between the two counts is that the CCE count charges defendant with a much larger quantity of cocaine base than the conspiracy count, *i.e.* 1,500+ grams versus 50+ grams, respectively. (The Court notes 1,500 grams of cocaine base is the minimum threshold amount of cocaine base required to trigger the statute's mandatory minimum term of life imprisonment.)

Although not pertinent to the motion before the Court, it is not lost on the Court that the only specific reference to cocaine base in the entire indictment (aside from the general allegations contained in Counts 1 and 14) is found in Count 1, in the list of "overt acts," which reads as follows:

defendant has not opposed the government's appeal.

In the proceedings below, defendant Eric Alexander filed a "Motion to Dismiss Indictment (Multiplicitous Counts)." Defendant argued Counts 1 and 14 of the indictment are multiplicitous, which: (1) caused defendant "prejudice when the government presented to a Grand Jury an impression that the defendant's conduct constituted more criminal activity than in fact occurred;" and (2) will cause prejudice to defendant at trial "by giving the jury the erroneous impression that the defendant's alleged conduct violates two criminal statutes." [Rec. Doc. 101, pp.2,3] Accordingly, defendant moved for dismissal of the indictment. [Id. at 3] Alternatively, defendant moved for an order requiring "the government to choose which charge to place in the indictment." [Id.][3]

The Magistrate Judge found (and the government conceded), "that the drug conspiracy violation . . . was a lesser included offense to a Continuing Criminal Enterprise (CCE) conviction . . ., and that therefore its indictment in this case is, in fact, multiplicitous." [Id., p. 2] Ultimately, after an examination of the case law, the Magistrate Judge found as follows:

> Where an indictment is found to multiplicitous, the trial court may order the government to elect on which of the multiplicitous counts it intends to procede [sic]. United States v. Johnson, 91 F.3d 695, n.1 (5th Cir. 1996) and Wright and Miller, *supra*.
>
> Since counts one and fifteen [sic] are multiplicitous, the government may elect to proceed on either one, but not both, of these counts against the defendant Alexander at trial.

---

j.  On or about November 26, 2004, a motor vehicle occupied by VICTOR LUNA VALDEZ, ANTONIO LUNA VALDEZ, JR., and SABINA LUNA VALDEZ entered the Progresso, Texas Port of Entry from Mexico, during inspection SABINA LUNA VALDEZ was found to be carrying on her person approximately six (6) kilograms of cocaine and three (3) grams of cocaine base.

[3]Defendant further declared, "If the government places the CCE charge in the indictment, the defendant reserves the right to a jury instruction on a lesser offense of conspiracy." [Id.]

[Rec. Doc. 337, p. 4]

On appeal (as well as with the Court below), the government argues because the Court may not sentence the defendant under both Counts 1 and 14, the defendant will suffer no harm, and therefore both Counts should be left in the indictment and sent to the jury. *See e.g.* Rutledge v. United States, 517 U.S. 292, 302 (1996)(conviction for conspiracy and CCE, where conspiracy was a lesser included offense of conducting the CCE, amounted to improper, cumulative, second punishment). The government notes the Magistrate Judge found "defendant may be prejudiced in the eyes of the jury if he is tried on both Counts . . . instead of just one or the other." [Rec. Doc. 402, p.7][4] However, the government argues "such a risk of prejudice is far less in a case such as this in which the defendant, if tried on the more serious CCE count only, would likely request and be entitled to a 'lesser included offense' instruction as to the conspiracy charge anyway." [Id.] The Court takes this statement to mean that the government is suggesting in this matter, the jury should be instructed as to both charges, and if found guilty of both, the Court will enter judgment on only

---

[4]The portion of the Magistrate Judge's Ruling to which the government refers, reads as follows:

> When faced with convictions and sentences under a multiplicitous indictment, the Fifth Circuit rule requires remand to the trial court for resentencing on the multiplicitous count, after the government has dismissed one of the convictions. United States v. Neal, 27 F.3d 1035, 1054 (5th Cir. 1994) and Buchanan. If the Fifth Circuit is concerned, as it indicated it was in Neal, whether the conspiracy conviction (the multiplicitous count) could lead to a harsher sentence on the CCE count, it seems axiomatic that this Court should be concerned about lay jurors being unduly prejudiced against the defendant by believing that a single course of conduct constituted not one, but two, criminal offenses. This concern has been recognized by the Fifth Circuit. United States v. Smith, 591 F.2d 1105, 1108 (5th Cir. 1979) ("The principal danger of a multiplicitous indictment is that the defendant may receive multiple sentences for the same offense. We also recognize that a second danger arises; namely, an adverse psychological effect on the jury may result from the suggestion that several crimes have been committed.")

[Rec. Doc. 337, pp. 3-4]

one of the two charges. *See* Ball v. U.S., 470 U.S. 856, 865 (1985)("Should the jury return guilty verdicts for each count, however, the district judge should enter judgment on only one of the statutory offenses."); U.S. v. Brito, 136 F.3d 397, 408 (5th Cir. 1998)("It is well settled that in cases of double jeopardy arising from the simultaneous charging of [and conviction for] a greater and a lesser included offense, we dismiss the lesser included offense.")

Following a review of the Ruling, all briefing submitted to this Court as well as to the Magistrate Judge, and this Court's independent legal research, the Court reverses the ruling below. Where an indictment is multiplicitous, and the defendant files a pre-trial motion to have the prosecution elect the count upon which it intends to proceed, it is within the trial court's discretion to grant or deny the motion.[5] In other words, multiplicity itself does not require dismissal of an indictment. U.S. v. Smith, 591 F.2d 1105, 1108 (5th Cir. 1979).[6] The Supreme Court "has long recognized that joint trials conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." U.S. v. Lane, 474 U.S. 438, 449 (1986)(internal quotations omitted). The Supreme Court additionally "has long acknowledged the Government's broad discretion to conduct criminal prosecutions, including its power to select

---

[5]*See e.g.* Jeffers v. United States, 432 U.S. 137, 152 (1977)(emphasis added)("*[A]lthough a defendant is normally entitled to have charges on a greater and a lesser offense resolved in one proceeding,* there is no violation of the Double Jeopardy Clause when he elects to have the two offenses tried separately *and persuades the trial court to honor his election.*"); Sanabria v. U. S., 437 U.S. 54, 66, n. 19 (1978); U.S. v. Johnson, 91 F.3d 695, 697, n.1 (5th Cir.1996); U.S. v. Kimbrough, 69 F.3d 723, 730 (5th Cir.1995); U.S. v. Smith, 591 F.2d 1105, 1108 (5th Cir. 1979); U.S. v. Hearod, 499 F.2d 1003, 1005 (5th Cir. 1974). (emphasis added)

[6]*See also* Ohio v. Johnson, 467 U.S. 493, 500 (1984) ("While the Double Jeopardy Clause may protect a defendant against cumulative *punishments* for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution.")(emphasis added)

the charges to be brought in a particular case." Ball v. U.S., 470 U.S. 856, 859 (1985).[7] As stated in U.S. v. Pacheco, 489 F.2d 554, 560 (5th Cir. 1974):

> [A]n election of counts may be ordered or separate trials granted if either the Government or the defendant can show that prejudice would result from a joinder of offenses or of defendants for trial. . . .
>
> . . . The burden of demonstrating prejudice is a difficult one, and the ruling of the trial judge will rarely be disturbed on review. The defendant must show something more than the fact that a separate trial might offer him a better chance of acquittal.

(Footnotes, citations and internal quotation marks omitted).

As noted in footnote 1, *supra*, both the conspiracy and CCE charges in this matter are of the same or similar character, both are primarily based upon the same acts or transactions constituting parts of a common scheme or plan, and the conduct alleged in both counts occurred during the same time period. Again, the primary *factual* difference between the two counts, as charged, is that the CCE count charges defendant with a much larger quantity of cocaine base than does the conspiracy count, *i.e.* 1,500+ grams versus 50+ grams, respectively. In defendant's motion filed with the Magistrate Judge[8], the only arguments made pertaining to "prejudice" were essentially that the jury will be (and the Grand Jury was) under the erroneous impression that the defendant's alleged conduct violates two criminal statutes. [Rec. Doc. 101, p.2-3] Any possible, alleged, prejudice before the Grand Jury has already occurred. Moreover, as discussed above, the government was entitled to present both charges to the Grand Jury for their consideration. As to defendant's concern of

---

[7]*See also* U.S. v. Universal C. I. T. Credit Corp., 344 U.S. 218, 225 (1952)("[A] draftsman of an indictment may charge crime in a variety of forms to avoid fatal variance of the evidence. He may cast the indictment in several counts whether the body of facts upon which the indictment is based gives rise to only one criminal offense or to more than one.")

[8]As previously noted, defendant did not file an opposition brief with this Court.

prejudice before the trial jury, that concern can be cured by way of a carefully crafted jury instruction. Although this Court can imagine circumstances where this Court would feel the government should choose which charge to go forward with, this is not that case. Defendant has presented no other evidence or argument of prejudice and thus, has not carried his "difficult burden" of demonstrating prejudice that any potential prejudice would outweigh any countervailing factors such as conservation of state funds, inconvenience to witnesses and public authorities, and delays in bringing those accused of crime to trial." U.S. v. Lane, 474 U.S. 438, 449 (1986).[9] Accordingly, the Magistrate Judge's ruling is **REVERSED**.

THUS DONE AND SIGNED this 31 day of October, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[9] It would seem Mr. Alexander's ten co-defendants have a stronger argument of prejudice than he, in that the argument could be made that it is unfairly prejudicial for the jury to hear evidence of Mr. Alexander's operation of a continuing criminal enterprise, and the appreciably larger quantity alleged therein, for which they were not charged. The CCE involves over 1,500 grams of cocaine base, the conspiracy 50 grams of cocain base. However, that issue is not before this Court.